# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ARTHUR VESEY,

        Defendant.

No. C06-0075-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S § 2255 MOTION**

---

## TABLE OF CONTENTS

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   **A. Charges, Appeals Trials and Sentence** . . . . . . . . . . . . . . . . . . . . . . . 3

**II. LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   **A. Standards For Relief Pursuant To § 2255** . . . . . . . . . . . . . . . . . . . 4
   **B. Preliminary Matters** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   **C. Ineffective Assistance Of Counsel** . . . . . . . . . . . . . . . . . . . . . . . . 8
       **1. Applicable Standards** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
       **2. Failure To Request A Continuance** . . . . . . . . . . . . . . . . . . . 11
       **3. Failure To Conduct Pre-Trial Discovery** . . . . . . . . . . . . . . 15
       **4. Failure To Call Witnesses** . . . . . . . . . . . . . . . . . . . . . . . . 16
       **5. Failure To Object To Leading Questions** . . . . . . . . . . . . . . 20
   **D. Certificate of Appealability** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# I. INTRODUCTION

This matter comes before the court pursuant to defendant Authur Vesey's June 15, 2006, *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (docket no. 1)("Motion"). On April 30, 2007, Vesey filed a *pro se* Motion To Amend (docket no. 3) his § 2255 Motion, which was granted by the undersigned on May 8, 2007 (docket no. 4). Vesey claims that his trial counsel provided ineffective assistance in several ways: failing to request a continuance so that transcripts from a previous trial could be used to impeach key government witnesses; failing to conduct adequate discovery; failing to call two witnesses on behalf of Vesey's defense; and failing to object to the prosecution's use of leading questions. On May 8, 2007, Vesey filed a *pro se* Motion for Evidentiary Hearing (docket no. 6 ) with regard to his pending § 2255 Motion. Further, Vesey filed a *pro se* "Notice For The Court To Take Judicial Notice" (docket no. 8) on May 31, 2007, requesting the court to take judicial notice that Vesey did not intend to waive the attorney client privilege by filing his § 2255 Motion.

On May 8, 2007, the court entered an Order Setting Briefing Schedule (docket no. 5) ordering the prosecution to file a brief in response to Vesey's Motion on or before June 15, 2007, and ordering Vesey to file a reply brief by July 16, 2007. The prosecution filed a Resistance and Memorandum (docket no. 9) on June 15, 2007. On June 27, 2007, Vesey filed a *pro se* Motion For Extension Of Time to File a Reply Brief (docket no. 10). By Order (docket no. 11) dated June 29, 2007, Vesey was granted an extension of time and, thereafter, filed his *pro se* Reply to Government's Resistance (docket no. 12) on August 6, 2007.

### A. *Charges, Appeals Trials and Sentence*

On August 10, 2001, Vesey was indicted (docket no. 9 in CR 01-00051) on four counts of distribution of cocaine base in violation of 18 U.S.C. § 841(a)(1). Trial on all four counts commenced on March 18, 2002, but the jury deadlocked and returned no verdict. On April 23, 2002, a second trial commenced against Vesey on all four counts. The jury returned a verdict (docket no. 101 in CR 01-00051) finding Vesey not guilty on count 1, and guilty on counts 2, 3 and 4. On August 21, 2002, Vesey was sentenced (docket nos. 123 & 124 in CR 01-00051) to 360 months imprisonment. Vesey then filed a Notice of Appeal (docket no. 127 in CR 01-00051) of his conviction to the Eighth Circuit Court of Appeals on August 22, 2002. On July 16, 2003, the Eighth Circuit Court of Appeals reversed the conviction, finding that the district court abused its discretion in denying Vesey's motion for a continuance prior to trial, and remanded for a new trial (docket no. 16 in CR 01-00051). By Order (docket no. 203 in CR 01-00051) dated October 14, 2003, on the day of trial, the court granted Vesey's oral motion to dismiss Counts 2 and 3 of the indictment without prejudice on the grounds that government witnesses were not available, and trial proceeded against Vesey on October 14, 2003, on count 4 of the indictment. Count 1 was not pursued by the Prosecution based on the previous not guilty verdict. This third trial resulted in a mistrial. Vesey's fourth trial, on count 4 of the indictment, commenced on October 27, 2003. On October 28, 2003, the jury returned a guilty verdict (docket no. 233 in CR 01-00051) against Vesey for Distribution Of More Than 5 Grams of crack, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851. The jury made no determination regarding the prior conviction enhancement. Vesey filed a Motion For New Trial (docket no. 241 in CR 01-00051) on November 3, 2003 arguing that there was insufficient evidence upon which a reasonable

jury could have found him guilty and arguing that there was newly discovered evidence regarding one of the government's witnesses that warranted the granting of a new trial. The prosecution filed a Resistance to Vesey's Motion For New Trial (docket no. 244 in CR 01-00051), on November 10, 2003. Vesey filed a Brief in Reply to the prosecution's Resistance (docket no. 250 in CR 01-00051), on November 17, 2003. By Order of December 12, 2003 (docket no. 255 in CR 01-00051), the undersigned denied Vesey's Motion for New Trial. Vesey was sentenced by the undersigned on December 22, 2003 (docket nos. 256, 257 in CR 01-00051), to 360 months. On December 29, 2003, Vesey filed his Notice of Appeal (docket no. 259 in CR 01-00051) to the Eighth Circuit Court of Appeals reasserting his challenge that there had been insufficient evidence for his conviction. By Order and Judgment (docket nos. 269, 270 in CR 01-00051), dated January 21, 2005, the Eighth Circuit Court of Appeals affirmed Vesey's conviction.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Vesey's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the

ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d

993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Vesey's claims for § 2255 relief.

### *B. Preliminary Matters*

Vesey filed a *pro se* "Notice For The Court To Take Judicial Notice" (docket no. 8) on May 31, 2007, requesting the court to take judicial notice that Vesey did not intend to waive the attorney client privilege by filing his § 2255 Motion.

It has long been the law that a client may waive protection of the privilege, either expressly or impliedly. *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974). A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. *Id.; See Also, Baker v. General Motors Corp.*, 209 F.3d 1051, 1055

While Vesey's trial counsel has not, to date, filed an affidavit, nor provided testimony in this matter, this court determines that Vesey's filing of his § 2255 motion has waived the attorney-client privilege.

Vesey has also requested an evidentiary hearing on his Motion. "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *See* 28 U.S.C. §2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Vesey's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and, further, that Vesey's allegations cannot be accepted as true because they are contradicted by the record.

Some of Vesey's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Vesey can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial or appellate counsel. Therefore, the court will pass on to the merits of Vesey's claims for § 2255 relief.

### C. Ineffective Assistance Of Counsel

#### 1. Applicable Standards

Vesey asserts that his trial counsel provided him with ineffective assistance of counsel in the following ways: failing to request a continuance so that transcripts from a previous trial could be used to impeach key government witnesses; failing to conduct adequate discovery; failing to call witnesses on behalf of Vesey's defense; and failing to object to the prosecution's use of leading questions.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is

constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Vesey is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires

the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423

F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

### 2. *Failure To Request A Continuance*

Vesey claims that his trial counsel provided ineffective assistance of counsel by failing to request a continuance of his fourth trial so that transcripts from his third trial could be used to impeach the key government witness who testified at his fourth trial, Sue Perkins. (Motion at 5). Vesey asserts that the trial transcript from his third trial would have contained an admission by Sue Perkins that she had "scammed the government" in Vesey's case; that is, that she had claimed to buy drugs from Vesey during a controlled buy, when she had not. (Reply at 1-3).

The prosecution argues that Vesey does not in anyway specify how the transcript of the third trial could have been used to impeach any of the witnesses at the fourth trial. Therefore, the prosecution claims, Vesey has failed to establish how he was prejudiced by the failure of his counsel to obtain the transcript from the third trial. (Prosec. Mem. at 11). The prosecution further argues that Vesey's attorney for the fourth trial was the same attorney who represented Vesey during all three of his previous trials, so that Vesey's attorney would have been familiar with the testimony from the third trial and would have been able to reasonably evaluate the effectiveness of using the transcript of the third trial for impeachment purposes at the fourth trial.

In his Reply to the Prosecution's Resistance (docket no. 12 at 5), Vesey clarifies that Sue Perkins, a confidential informant and the prosecution's key witness, admitted at his third trial, and apparently only at his third trial, that she told several individuals that she had lied to the police about Vesey selling drugs to her on the date and at the location stated in the indictment filed against Vesey. Vesey asserts that the trial transcript of this admission from the third trial could have been used by trial counsel at the fourth trial to effectively impeach Sue Perkins's credibility.

The Eighth Circuit Court of Appeals has held that failure to request a continuance does not constitute ineffective assistance of counsel where evidence that would have been produced as a result of such continuance would have been collateral in nature and would not conclusively rebut other testimony. *Scott v. United States,* 545 F.2d 1116, 1117-1118 (8th Cir. 1976); *see also Winfield v. Roper*, 460 F.3d, 1026, 1034 (8th Cir. 2006); *see also Williams v. Armontrout,* 912 F.2d 924, 134 (8th Cir. 1990) (further testimony that defendant did not have handcuffs was cumulative, therefore failure to request continuance was not ineffective assistance). Presentation of evidence is a matter of trial strategy. *Walker v. Lockhart,* 807 F.2d 136, 139 (8th Cir. 1986) (citing *Schwander v. Blackburn,* 750 F.2d 494, 500 (5th Cir. 1985)).

Here, Vesey argues that the trial transcript of his third trial would show that Sue Perkins, the prosecution's key witness and confidential informant, told other people that she had lied to the prosecution about Vesey having sold her drugs on the occasion that formed the basis for the indictment against Vesey. (Mem. in Support 1-3; Reply at 5-10). Vesey argues that while his counsel asked Sue Perkins about having said that she had "scammed" the police regarding buying drugs from Vesey during his third trial, he did not ask Sue Perkins about this during the fourth trial, or use the transcript from the third trial to impeach her. (Reply at 5). However, as Vesey acknowledges, other witnesses were

called by his counsel to establish that Sue Perkins had admitted to them that she had "scammed" the police with regards to Vesey.  (Reply at 5-6).

Very little time passed between the date a mistrial was declared in Vesey's third trial, October 15, 2003, and the date of the commencement of the fourth trial on October 27, 2003.  Because the impeachment evidence Vesey claims the continuance would have produced would have been cumulative of evidence offered by other witnesses, Vesey cannot convincingly establish that using the transcript from the third trial to impeach Sue Perkins would have conclusively rebutted other testimony presented by the prosecution during the fourth trial. *Scott v. United States,* 545 F.2d 1116, 1117-1118 (8th Cir. 1976) (failure to request a continuance does not constitute ineffective assistance of counsel where evidence that would have been produced as a result of such continuance would have been collateral in nature and would not conclusively rebut other testimony).   During the fourth trial, Vesey's counsel called John Butler to testify that Sue Perkins had told him that she was going to scam the government and "set up" Vesey for a controlled buy.  (Trial Tr. Vol.II, at 152-155).   Nikki R. Behnke was called to testify with regard to a similar conversation with Sue Perkins regarding Vesey.  (Trial Tr.Vol.II, at178-182).  Further, Vesey's defense counsel called Shannon L. Dunek to testify that Sue Perkins had told Dunek that no drug transaction had happened with Vesey on the date in question.  (Trial Tr.Vol.II, at 220, 222).  Felicia Smith, who had been incarcerated with Sue Perkins was also called to testify that Sue Perkins told her that another individual was trying to get Sue Perkins to corroborate a false story about Vesey.   (Trial Tr. Vol.II  at 228-229). Impeaching Sue Perkins with her prior statement that she had told other individuals that she had "scammed" the government by pretending to sell drugs to Vesey, when she had not, would have been cumulative of other testimony presented, therefore Vesey's trial counsel's performance was not deficient. *See Hall v. Luebbers*, 296 F.3d 685, 694 (8th

Cir. 2002)(impact of additional notes, letters or witness testimony would be minimal since it was cumulative). The decision that it was better to proceed with trial, presenting the testimony of other witnesses, than to seek a continuance, for the purpose of obtaining a transcript of the proceedings from the third trial, was a strategic decision on the part of counsel regarding how best to impeach the key witness. As such, this decision was a matter of trial strategy. *Walker,* 807 F.2d at 139 (8th Cir. 1986) (citing *Schwander v. Blackburn,* 750 F.2d 494, 500 (5th Cir. 1985)). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690).

Even if Vesey could establish that his trial counsel was deficient for failing to seek a continuance, and this court does not believe that he can, Vesey cannot establish that he was prejudiced because there is insufficient evidence that the outcome of the trial would have been different had counsel made a request for a continuance. *Walls v. Bowersox*, 191 F.3d 827 836 (8th Cir. ) (citing to *Kilgore v. Bowersox*, 124 F.3d 985, 984 (8th Cir. 1997)), (*cert. denied*, 524 U.S. 942 (1998). During the fourth trial, the jury was aware of the alleged statements made by Sue Perkins. In fact, in addition to the presentation of witness testimony discussed above, Vesey's trial counsel focused on these statements during both his opening and closing statements (Trial Tr.Vol.I, at 31 and Vol. II, at 260), and the jury still chose to believe Sue Perkin's testimony in spite of them. Therefore, this court does not believe that the outcome of the trial would have been any different if counsel had been able to use the prior testimony of Sue Perkins to establish that she had made such statements. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877 (Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance). Because Vesey is unable to establish that he suffered any prejudice, his claim will fail on this ground.

14

### 3.    *Failure To Conduct Pre-Trial Discovery*

Vesey asserts that his trial counsel failed to conduct adequate pre-trial discovery. Vesey argues that if his counsel had performed sufficient pre-trial discovery, he would have known that there was a witness who would have been able to indicate that Vesey arrived at the location where drugs were sold by car and not on foot, as indicated by prosecution witnesses and as indicated in the prosecution's closing argument.  (Motion at 5; Reply at 13).  Vesey states that his counsel would have discovered that a set of car keys had been taken from him at the scene of the arrest and given to his wife to drive his car home for him.  (Reply at 11).  Vesey also claims that his trial counsel should have obtained a complete entry log of all vehicles that entered the area in which the controlled buy occurred, in order to show that the confidential informant had contact with other individuals in the area during the time of the drug sale.  (Reply at 11-12).  The prosecution argues that the discovery file indicates that this witness would simply have corroborated other witness testimony that regardless of how Vesey arrived at the specific "buy" location, all the witnesses saw him leave the park on foot.  (Prosec. Mem. at 14).

The key witness for the prosecution, Sue Perkins, testified during the fourth trial that when Vesey approached her to buy drugs, he was walking.  (Tr. Trans. Vol. I, at 40-41).  Vesey argues that Officer Mark Fisher would have testified that Vesey arrived in the park in a car, not on foot, and that his trial counsel would have known of the availability of this testimony if he had conducted adequate discovery.  (Mem. in Support at 4).

This court finds unconvincing Vesey's argument that if the jury had received evidence that he drove a car to the park on the day in question, the jury would not have believed that Sue Perkins purchased drugs from Vesey, because she testified that he approached her on foot.  The fact that other witnesses testified that they also saw Vesey on foot, indicates that a reasonable fact finder could have concluded that regardless of how

Vesey may have arrived at the general location, he could have left his vehicle, at some point, and been on foot when he sold the drugs. Vesey cannot establish that there is a reasonable probability that, but for counsel's failure to discover and use information that Vesey arrived at the location in a car, the result of the trial would have been different; therefore, he cannot establish prejudice. *See Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877 (prejudice results when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). Because Vesey cannot establish prejudice, the court does not need to address whether trial counsel's performance was deficient. *See Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)( courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice)." Vesey will not be granted relief on these grounds.

### 4. *Failure To Call Witnesses*

Vesey claims that his trial counsel provided ineffective assistance of counsel by failing to call various witnesses for the defense, specifically Victoria Downs and Frank Walker, a/k/a Eddie Walker. (Motion at 6; Mem. in Support at 3). Vesey further argues that his trial counsel should have called Officer Mark Fisher, the arresting officer in the case, as a witness. (Reply at 16). Vesey additionally argues that his trial counsel should have called William Varner, James Smith, Carnail Vesey, Brandi Burnett, Victoria Conley, Elgin Billips and Rhonda Butler. (Mem. in Support at 8-9).

The prosecution argues, generally, that the decision not to call a witness is a virtually unchallengeable decision of trial strategy citing to *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005). The prosecution further argues that Frank Walker was called as a witness at the second trial to impeach witnesses who were not called at the fourth trial and further alleges that Walker had credibility problems due to his convictions

for first degree armed robbery and forgery. (Prosec. Mem. at 14). Further, the prosecution states that other witnesses at the fourth trial presented the same testimony to impeach Sue Perkins and Wilson Wade that Walker would have been expected to present, and despite such evidence, Vesey was convicted by the jury. (Prosec. Mem. at 14). Also, the prosecution argues that the evidence that would have been offered by one witness, Victoria Downs, was offered by another witness at the trial, namely Nikki Behnke, and was rejected by the jury. (Prosec. Mem. at 15). The prosecution claims that the proffered testimony from these two witnesses would not have changed the outcome of the trial and would, if anything have added additional negative information regarding Vesey's drug-trafficking activities as well as inconsistent testimony between defense witnesses. (Prosec. Mem. at 15-16). The prosecution claims that the testimony of William Varner and Brandi Burnett would not have helped Vesey's case because they both testified in the second trial that they had purchased drugs from Vesey. (Prosec. Mem. at 12). The prosecution points out that Elgin Billips was to be used to attempt to impeach Kent Walker and William Varner who did not testify at the fourth trial. (Prosec. Mem. at 12). The prosecution states that James Smith and Carnail Vesey could both have faced criminal charges based upon admissions they made during their testimony during the second trial, so that it would have been reasonable for trial counsel not to call them in the fourth trial. (Prosec. Mem. at 13). Further, the prosecution argues that the testimony of Rhonda Butler, to the effect that Sue Perkins told her that she had lied to the police about Vesey's sale to her of drugs, would have been cumulative of that offered at the fourth trial by John Butler. (Prosec. Mem. at 14). The prosecution also argues that the same testimony, expected to be additionally offered by Victoria Downs, was also presented by Nikki Behnke at the fourth trial. (Prosec. Mem. at 15). The prosecution argues, that, based on the strength of the

case against Vesey, he was not prejudiced by his counsel's decision not to call these witnesses.

Vesey claims that the following witnesses would have provided the following testimony: he states that Victoria Downs would have testified that she was a former roommate of Sue Perkins and that she would have had favorable testimony. (Pet. Reply at 19). Frank Walker would have testified that he was aware of the communications between Sue Perkins and Wilson Wade. (Mem. in Support at 8). Mark Fisher would have testified that he saw Vesey enter the park in a vehicle. (Reply at 16-18). William Varner would have testified that Sue Perkins was a drug dealer and that he had heard her say that she was "setting up" Vesey. (Reply at 19). James Smith and Carneil Vesey would have testified that Sue Perkins sold drugs. (Reply at 19). Brandi Burnett would have testified that Sue Perkins sold drugs and would have testified regarding the communications between Sue Perkins and Wade Wilson. (Mem. in Support at 7). Victoria Conley and Rhonda Butler would have testified that Sue Perkins said that she had "scammed" the police with regard to Vesey. (Mem. in Support at 8). Elgin Billips's testimony would have been produced in an attempt to discredit William Varner's statement that Elgin Billips sold him drugs which had been purchased from Vesey. (Mot. to Amend; affidavit).

The court first notes that ineffective assistance of counsel complaints based on the failure to secure witness testimony are disfavored, because presentation of evidence is a matter of trial strategy. *Walker v. Lockhart,* 807 F.2d 136, 139 (8th Cir. 1986). As discussed above, Vesey's trial counsel introduced several witnesses who presented testimony regarding both Sue Perkins's alleged statements that she had scammed the police with regard to Vesey and also that they had seen Wade Wilson and Sue Perkins exchange written notes in an attempt to "set up" Vesey. Producing more witnesses, each of whom

had his or her own credibility problems, to provide cumulative testimony, was not deficient performance by Vesey's trial counsel.

Vesey argues that several witnesses would have been able to testify that Sue Perkins was selling drugs herself. While this testimony may have been used to call into question Sue Perkins's credibility as a witness, the jury was aware that Sue Perkins was selling drugs from her own testimony during her direct examination. Sue Perkins testified that during the taped conversation she was talking about needing to make her money back by selling the drugs. (Trial Tr. Vol. I, at 43). Further testimony from additional witnesses on this point would have been cumulative and unnecessary. The jury was aware of Sue Perkins's involvement in drug activities and still chose to find that there was sufficient evidence to find Vesey guilty. Vesey's trial counsel was not deficient for failing to produce additional witnesses to provide testimony regarding Sue Perkins's involvement with drugs or her alleged statements regarding "setting up" Vesey. Failing to produce cumulative evidence is not ineffective. *See Winfield v. Roper*, 460 F.3d, 1026, 1034 (8th Cir. 2006).

Further, the court is not convinced that further testimony regarding Sue Perkins's alleged attempt to "scam" the police regarding Vesey, or testimony regarding her further involvement with drugs would have changed the result of the trial. For reasons discussed above, the court is not convinced that Officer Mark Fisher's testimony that Vesey arrived at the park in his vehicle, rather than on foot, would have convinced a reasonable jury that Vesey was not the individual later involved in a controlled buy in the park. The facts and circumstances of the controlled buy further corroborated Sue Perkins's testimony that it was Vesey who sold her drugs and not anyone else. Where there is overwhelming evidence of guilt, there is not a reasonable probability, that, but for counsel's errors, the result of the proceeding would have been different. *See Tokar v. Bowersox*, 198 F.3d

1039, 1051 (8th Cir. 1999). Therefore, Vesey cannot establish that he was prejudiced by his trial counsel's failure to call additional witnesses and he will not be granted relief on these grounds.

### 5. *Failure To Object To Leading Questions*

Vesey argues that his counsel was ineffective for failing to object to the use of leading questions by the prosecution. (Motion at 6). Vesey claims that his counsel should have objected to the prosecution's use of leading questions specifically during the examination of Wade Wilson. (Motion at 6).

Vesey does not indicate which questions by the prosecution during the fourth trial were leading, nor does Vesey indicate how asking non-leading questions would have altered the outcome of the trial. General and conclusory allegations are insufficient to establish ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Estes v. United States*, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence). Vague allegations of harm for failing to object to leading questions are not sufficient to establish ineffective assistance of counsel. *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir. 1994). Vesey cannot establish that his counsel was deficient, nor that he was prejudiced based on this allegation. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877 (defendant must establish both deficiency and prejudice).

### D. *Certificate of Appealability*

Denial of Vesey's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

\* \* \*

**(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Vesey has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Vesey's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Vesey does not

make the requisite showing to satisfy § 2253(c) on his claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## III. CONCLUSION

Upon the foregoing, defendant Vesey's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 12th day of May, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA